UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**JAMES ARCHIE PRATHER JR.**                                                                 **PLAINTIFF**

v.                                                                            **CIVIL ACTION NO. 3:15CV-P718-JHM**

**LOUISVILLE METRO DEPT. OF CORRECTIONS** *et al.*                            **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on initial review of Plaintiff James Archie Prather Jr.'s *pro se* complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will dismiss all claims but grant Plaintiff leave to file an amended complaint.

**I. SUMMARY OF CLAIMS**

Plaintiff is a pretrial detainee incarcerated at the Louisville Metro Department of Corrections (LMDC). He brings this action pursuant to 42 U.S.C. § 1983 against the LMDC and against the following LMDC employees in their individual and official capacities: Case Worker Stacy Ayers and Corrections Officers Sanders, Horn, and Anthony.

In the complaint, Plaintiff alleges that on or around August 5, 2015, he filed a "PREA Complaint" on an individual and that the complaint was supposed to have been kept private. However, claims Plaintiff, "Officers at LMDC thought it was funny and began talking about it around the jail in front of other inmates. This caused a problem on my walk at the jail marking me as a rat." Plaintiff states that inmate Anthony Chinn "decided to take up the situation by hahrassing me on the walk." Plaintiff claims:

> [A]t first I just let it blow over then Mr. Chinn spit in my face I reported this to Off. Sanders there was nothing done about it. The next day Mr. Chinn started acting up again with name calling. I ignored him again later that day he threw feses in my face again I reported this to Off. Sanders and Off. Anthony there was nothing done that was on the 8th day of Aug. 2015 so on the 9th day of Aug. 2015 I reported all of this to Off. Horn nothing was done again, so I took a grievance out on it nothing was done again by now I am just tired of it and stressed out over it I have lived in pure terror over this for almost a week so I take it to the case worker Mrs. Stacy Ayers and told her what was going on this was on the 10th days of Aug. 2015. Her remark was oh well that's just Chinn doing what he does. So if they know this then why aren't they doing their job and reporting this and moving him or me? So on Aug. the 11th 2015 I did the same thing to Mr. Chinn after on the 10th he hit me with a broom I reported that and nothing was done. On the 11th I had to defend myself so I did. The thing is, is when I done something I was wrote up and put in the hole. For a week he torchered me and nothing was done but when I defend myself I'm punished and I tried several way's to report this and resolve this with noone doing their job.

Plaintiff asserts that "This is descrimanation anyway you take."

Plaintiff further states that he is now "in a dorm with 7 cells all day by myself. No T.V. No cooler No shower curtain No cleaning supplies and No one to talk to if this jail is so crowded how come I have 7 cells by myself?"

As relief, Plaintiff seeks monetary and punitive damages and unspecified injunctive relief.

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from

2

such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

### III. ANALYSIS

#### *A. Claims Against LMDC and All Official-Capacity Claims*

LMDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99–6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, it is the Louisville Metro Government that is the proper defendant. *See Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990).

Likewise, if an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, in the case at bar, Plaintiff's claims against the employees of LMDC in their official capacities are actually brought against the Louisville Metro Government. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

None of the allegations in the complaint demonstrate that any alleged wrongdoing or injury occurred as a result of a policy or custom implemented or endorsed by the Louisville Metro Government. Accordingly, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim. Therefore, the claims against LMDC and the official-capacity claims against all other Defendants will be dismissed.

### B. *Individual-Capacity Claims*

#### 1. *Failure to Protect from Mr. Chinn*

Under the Eighth Amendment, prison officials "must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). Not every injury "suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834.

A viable Eighth Amendment claim must satisfy both an objective component and a subjective component. *Id.*; *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). The objective component requires that the deprivation be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *see also Hudson v. McMillian*, 503 U.S. 1 (1992). An inmate must show that he "is incarcerated under conditions posing a substantial risk of serious harm," *Farmer v Brennan*, 511 U.S. at 834, or that he was deprived of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The subjective component requires the defendant to act with "deliberate indifference" to a prisoner's health or safety. *Wilson v. Seiter*, 501 U.S. at 302-03. "'[A]cting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that

5

risk.'" *Street*, 102 F.3d at 815 (quoting *Farmer v Brennan*, 511 U.S. at 836). "Implicit in this standard is the recognition that the plaintiff must allege that he has suffered or is threatened with suffering actual harm as a result of the defendants' acts or omissions before he can make any claim with an arguable basis in Eighth Amendment jurisprudence." *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998).

Additionally, the law has long been that "a violation of a federally secured right is remediable in damages only upon proof that the violation proximately caused injury." *Horn by Parks v. Madison Cty. Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994); *see also Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 305-08 (1986). In addition to the legal requirement of an "injury" in case law historically, Congress acted to further limit prisoner suits to only a specific kind of injury. Under the Prison Litigation Reform Act, lawsuits brought by institutionalized persons requires a "physical" injury in order to permit recovery: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Moreover, in interpreting this statute, courts have required that the injury be more than *de minimis*. *See, e.g.*, *Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997) (sore bruised ear, lasting for three days, was *de minimis* and not the requisite "physical injury").

Plaintiff does not complain that Defendants prevented him from cleaning himself after Mr. Chinn spit and threw feces on him and does not allege that he suffered any injury or health problems as a result of the incidents. *See Baze v. Parker*, No. 5:11CV-P83-R, 2011 WL 5974534, at *3 (W.D. Ky. Sept. 21, 2011) ("Since Plaintiff has not alleged that he suffered any injury whatsoever from the allegedly feces-strewn, hot cell, Plaintiff has failed to plead a claim

that meets the PLRA's threshold.") (citing cases).[1]  Similarly, Plaintiff fails to allege any injury as a result of Mr. Chinn hitting him with a broom.  Moreover, he cannot be compensated for the emotional complaints of being "stressed out" and living "in pure terror over this for almost a week."  The Court, therefore, concludes that Plaintiff's Eighth Amendment claim that Defendants failed to protect him from the actions of Mr. Chinn must be dismissed for failure to state a claim upon which relief can be granted.

### 2. Discrimination

Under the Equal Protection Clause, "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV, § 1.  "'The purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents.'"  *Warren v. City of Athens, Ohio*, 411 F.3d 697, 710 (6th Cir. 2005) (quoting *Sioux City Bridge Co. v. Dakota Cty.*, 260 U.S. 441, 445 (1923)).  "Equal protection claims can be brought by a 'class of one,' where the plaintiff alleges that the state treated the plaintiff differently from others

---

[1] *See Moore v. Simmons*, No. 5:06–CT3143 H, 2007 WL 4262702, at *3 (E.D.N.C. May 18, 2007) (no constitutional violation where plaintiff did not state that the complained-of conditions, including stagnant toilets and inmates throwing feces daily, "caused him serious or significant physical injury" despite plaintiff's claim that the conditions caused "sore throat-high grade fever"); *Jennings v. Weberg*, No. 2:06–CV–235, 2007 WL 80875, at *3 (W.D. Mich. Jan. 8, 2007) (dismissing case pursuant to § 1997e(e) where plaintiff alleged that he was "battered with spit and urine" on a regular basis by another inmate which caused him "fear, distress and mental anguish that he experienced as a result of Defendant's failure to protect him"); *Smith v. Edwards*, No. 06–1259, 2006 WL 3512837, at *3 (E.D. La. Dec. 5, 2006) (dismissing case pursuant to § 1997e(e) where plaintiff alleged defendants allowed inmate who had AIDS to throw feces on him because plaintiff alleged only that he was upset, not that he suffered any physical injury); *Fackler v. Dillard*, No. 06–10466, 2006 WL 2404498, at *3 (E.D. Mich. Aug. 16, 2006) (no constitutional violation where guard threw a cup of urine through the food slot of plaintiff's cell which splashed on plaintiff because, although devoid of any penological purpose, plaintiff did "not allege that she sought medical attention as a result of the incident or that she suffered any lingering injuries" beyond the "indignity" of it).

7

similarly situated and that there is no rational basis for such difference in treatment." *Id.* (citing *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).

Plaintiff claims that he was discriminated against when he was "wrote up and put in the hole" for actions taken against Mr. Chinn but nothing was done to Mr. Chinn for his actions taken against Plaintiff. Plaintiff essentially argues a class-of-one theory of discrimination. He fails, however, to indicate which, if any, named Defendant chose to discipline him and not Mr. Chinn. Accordingly, as drafted, his complaint fails to state an equal protection claim.

The Court, however, will allow Plaintiff to amend the complaint to name those individuals allegedly responsible for discriminating against him. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

### 3. *Dorm Conditions*

Finally, Plaintiff alleges that he is now "in a dorm with 7 cells all day by myself. No T.V. No cooler No shower curtain No cleaning supplies and No one to talk to if this jail is so crowded how come I have 7 cells by myself?" As with the previous claim, Plaintiff fails to attribute his placement in these conditions to any named Defendant and thus fails to state a claim upon which relief may be granted. The Court, therefore, will also allow Plaintiff to amend the complaint to name those individuals allegedly responsible for his placement in these conditions and to provide more facts, including the length of time he was held in isolation under these conditions.

## IV. ORDER

For the foregoing reasons,

**IT IS ORDERED** that the claims against LMDC and Defendants Ayers, Sanders, Horn, and Anthony in their official capacity are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that the Eighth Amendment claims for failure to protect Plaintiff from Mr. Chinn brought against Defendants Ayers, Sanders, Horn, and Anthony in their individual capacity are **DISMISSED** pursuant to 28 U.S.C. § 1915A for failure to state a claim.

**IT IS FURTHER ORDERED** the individual-capacity claims against Defendants Ayers, Sanders, Horn, and Anthony alleging discrimination and unconstitutional dorm conditions are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Finally, **IT IS ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff may amend the complaint to name those person or persons involved in his claims of discrimination and unconstitutional dorm conditions and to provide more facts, including indicating the length of time he was held in the dorm in isolation**.

The Clerk of Court is **DIRECTED** to place the instant case number and "Amended" on a § 1983 complaint form and send it, along with four blank summons forms, to Plaintiff for his use should he wish to amend the complaint.

9

**Plaintiff is WARNED that his failure to file an amended complaint within 30 days will result in dismissal of the entire action with prejudice for the reasons stated herein.**

Date: February 2, 2016

                                              **Joseph H. McKinley, Jr., Chief Judge**
                                              **United States District Court**

cc:    Plaintiff, *pro se*
       Defendants
       Jefferson County Attorney
4414.005